UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RUBY L. T.[1], | Case No. 5:18-cv-00282-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Ruby L. T. ("Plaintiff") filed a Complaint on February 6, 2018, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on November 26, 2018. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff filed her application for DIB on October 31, 2013, and her application for SSI on November 15, 2013, alleging disability commencing on June 29, 2013.[2] Administrative Record ("AR") 216, 219. On September 7, 2016, after her applications were denied initially and on reconsideration (AR 101-02, 127-28), Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"), as did vocational expert ("VE") Dr. Louis Mass. AR 36-72.

On November 10, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 18-29. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date and found Plaintiff had severe impairments of hypertension, diverticulitis, and gastroesophageal reflux disease. AR 20. The ALJ also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and had the residual functional capacity ("RFC") to perform a full range of light work, specifically Plaintiff: (1) could lift 20 pounds occasionally and 10 pounds frequently; (2) could stand, walk, and sit for six hours out of an eight-hour workday; (3) was unlimited in her ability to push and pull, other than as indicated for lifting at the light-exertional level; and (4) could frequently climb ramps, stairs, ladders, ropes, and scaffolds. AR 22-23.

The ALJ determined Plaintiff could perform her past relevant work as a cashier, accounting clerk, and bank teller, as actually and generally performed. AR 27. The ALJ also determined that, in addition to her past relevant work,

---

[2] Plaintiff alleged in her DIB application that she became disabled July 4, 2013, but in her SSI application she alleged June 29, 2013. AR 216, 219. Consistent with the ALJ's decision, the Court will honor the earlier alleged onset date. AR 18.

Plaintiff could perform other jobs existing in the national economy. AR 27. Considering Plaintiff's age as a "younger individual" on the alleged onset date, her education, work experience, RFC, and the VE's testimony, the ALJ concluded Plaintiff could also perform the jobs of office worker, ticket taker, and mail sorter. AR 27-28. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, from the alleged onset date through the date of the decision. AR 29.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This action followed.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104,

3

1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past

relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he or she is disabled, or he or she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he or she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly considered the medical opinion of Dr. Andrew Roth; and

Issue No. 2: Whether the ALJ properly considered Plaintiff's subjective complaints.

/ / /

/ / /

## A. Medical Opinion Evidence

### 1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 1164 (citation omitted).

### 2. Analysis

In Issue 1, Plaintiff contends that in evaluating the medical evidence and assessing the RFC, the ALJ should not have disregarded the opinion of Dr. Roth. Jt. Stip. at 4-6. On June 27, 2011, Dr. Roth examined Plaintiff and completed an "agreed medical evaluation" in conjunction with Plaintiff's workers compensation claim. AR 369-73. Plaintiff presented subjective complaints of neck pain radiating to her left shoulder, and left-hand pain, with

carpal tunnel syndrome symptomatology. AR 389, 398. Upon examination of the cervical spine, Dr. Roth noted that manual compression of Plaintiff's head and neck did not produce any symptoms. AR 398. Dr. Roth also found Plaintiff had no sensory loss in her upper extremities. AR 399. Plaintiff had no weakness in her shoulder or wrist flexors. AR 399. The bilateral shoulder examination revealed largely normal findings, including normal range of motion and a lack of cross-arm adduction pain. AR 401. The wrist examination showed no swelling or deformities and normal range of motion. AR 401. Plaintiff's range of motion for all fingers was normal. AR 401. Dr. Roth found that the Phalen's[3] and Tinel's[4] tests were positive on the left side and negative on the right, however no sensory loss was noted. AR 401. Dr. Roth also conducted a nerve conduction study which revealed mild median-nerve neuropathy at the left wrist but normal median on the right wrist. AR 401. Dr. Roth's "impression"[5] was (1) chronic neck pain associated with spondylosis; and (2) left carpal tunnel syndrome. AR 402. Dr. Roth concluded that Plaintiff was restricted from overhead work due to her neck condition, and that she was limited in her wrist and hand activities to simple manipulation. AR 404.

---

[3] Phalen's test "is an orthopedic test used to diagnose [carpal tunnel syndrome]. Positive signs of a Phalen's test include upon compression, complaints of pain, tingling, or numbness in the hands." Callahan v. Berryhill, 2017 WL 522823, at *3 (C.D. Cal. Feb. 8, 2017).

[4] Tinel's test "is an orthopedic test used to detect irritated nerves. Positive signs of a Tinel's test is upon light tapping over a nerve the patient complains of a tingling sensation." Callahan, 2017 WL 522823 at *3.

[5] The Court notes that an "impression" is not necessarily a diagnosis. See Sidwell v. Berryhill, 2018 WL 2113957, at *1 (W.D. Wash. May 8, 2018) ("not all 'impressions' are medical diagnoses"); Byrne v. Astrue, at *1 (N.D. Cal. Jan. 14, 2010) (indicating that physician "noted an impression (but not diagnosis)").

In assessing the RFC, the ALJ took into consideration the opinions of the State agency review physicians, consultative examiners, and treating physicians. AR 26. The ALJ addressed the opinions and assigned respective weight. AR 25-26. Regarding Dr. Roth's opinion about Plaintiff's functional limitations, the ALJ found it not relevant because it was made two years prior to the alleged onset date. AR 26. The ALJ also noted that there was no medical source statement from any source that was more restrictive than the RFC. AR 26.

The ALJ provided valid reasons for disregarding Dr. Roth's assessed limitations. While an ALJ must consider all medical opinion evidence, Robbins, 466 F.3d at 883, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." Carmickle, 533 F.3d at 1165. Here, Dr. Roth assessed limitations based on Plaintiff's condition in June 27, 2011. AR 388, 404, 407. As mentioned, Plaintiff alleged she became disabled June 29, 2013, just over two years later. AR 18, 219. Accordingly, the ALJ properly found Dr. Roth's assessment not relevant to the alleged disability period. See id.; Gunderson v. Astrue, 371 F. App'x 807, 809 (9th Cir. 2010) (ALJ did not err by discounting medical opinion of doctor who conducted examination "nearly two years before the alleged onset date of [claimant]'s disabilities"); Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (Commissioner properly rejected opinion of doctor who had treated claimant several years before relevant period and had not examined him in several years); Vanderslice v. Berryhill, 2017 WL 2889371, at *3 (W.D. Wash. July 6, 2017) (ALJ properly rejected opinions of doctor because they were given "some" two years before the relevant period).

Further, Plaintiff has not shown, and the evidence does not demonstrate, that her condition worsened. See Fair v. Bowen, 885 F.2d 597, 600 (9th Cir. 1989) (doctor's opinion predating period at issue not relevant absent allegation

that condition had since worsened). Indeed, the ALJ noted earlier in the decision that Plaintiff's carpal tunnel was not a severe impairment because "[t]here were no objective diagnostic or clinical findings during the relevant adjudication period." AR 21; See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are . . . unsupported by the record as a whole . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by clinical findings."). The ALJ also noted that Plaintiff was able to work as a bus driver after Dr. Roth's nerve conduction study; a job that "no doubt would have required full use of her hands to drive a bus." AR 21, 257; 20 C.F.R. §§ 404.1529(a) & (c)(3); 416.929(a) & (c)(3) (in evaluating symptoms, the Commissioner will consider a claimant's efforts to work and prior work record).

     The ALJ also correctly noted that no medical source statement evaluating symptoms during the relevant period was more restrictive than the RFC. AR 26. The consultative examiner and two State agency physicians examined Plaintiff or her records and determined that she did not have any manipulative limitations. AR 86-87, 97-98, 111-12, 123-24, 380-85. The consultative examiner specifically found that Plaintiff could "perform gross and fine motor skills of reaching, carrying, lifting, feeling, handling and fingering with no limit." AR 385 (emphasis added). The ALJ properly relied on the lack of medical-opinion evidence during the relevant period supporting Plaintiff's claim. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (substantial evidence supported finding that claimant, although physically impaired, was not disabled and could perform a range of medium work because "[n]one of the doctors who examined [claimant] expressed the opinion that he was totally disabled").

9

Accordingly, the ALJ provided legally sufficient reasons supported by substantial evidence for finding Dr. Roth's assessed limitations not relevant, and the ALJ's analysis constituted a rational interpretation of the evidence. See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld."). Reversal is not warranted on this ground.[6]

**B.      Plaintiff's Subjective Symptom Complaints**

1. Applicable Law

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins

---

[6] Within Issue 1, Plaintiff also makes a catch-all argument that the RFC assessment and the hypothetical to the VE failed to include Dr. Roth's assessed limitations. Jt. Stip. at 5-6. The ALJ was not required to include the limitations in either for the same reasons he found the doctor's opinion not relevant. Batson, 359 F.3d at 1197 (ALJ is not required to incorporate into the RFC evidence from physician opinions that was permissibly discounted); Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (ALJ not required to include limitations in hypothetical that are not supported by substantial evidence).

v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson, 359 F.3d at 1197.

2. Analysis

In Issue 2, Plaintiff argues the ALJ improperly discounted her subjective complaints. Jt. Stip. at 10-13.

During the administrative hearing, Plaintiff testified she last worked as a bus driver. AR 40-41, 55. She was able to work part-time from July to October 2013 but had to stop when her legs and muscles gave out. AR 41-42, 55. Her main problem is whole-body pain, including in her left arm, knees, legs, and spine. AR 43-46. She also has carpal tunnel, arthritis in her fingers, and lupus, which causes her fingers to swell. AR 44, 58. She cannot bend her left thumb, and she has pain in her fingers. AR 44-45. She has difficulty sitting. AR 46. In addition to pain, she is fatigued. AR46- 47. She also has diverticulitis, which causes stomach pain and constipation. AR 48. Gout affects her ankles and toes. AR 52-53. She has good days and bad days. AR 49. She tries to relax and alleviate pain with meditation. AR 50. She lives with her daughter and helps her around the house, but her daughter does most of the work. AR 50-51, 55. She can no longer do her prior accounting job because of her problems sitting and her hand and neck pain. AR 52-53. She has been taking online classes for a bachelor's degree in criminal justice, achieving A and B grades. AR 60-62. She prepares reports for the classes. AR 62. She also takes math, English, and Constitutional law classes online. AR 62. Her plan in taking the classes is to obtain work from home, possibly counseling children. AR 62.

Plaintiff completed a function report on January 10, 2013, describing similar subjective complaints. AR 23, 246-53. In addition to the symptoms she alleged at the hearing, she mentioned chest pain and an enlarged heart in the report. AR 23, 247.

11

Plaintiff also completed a pain questionnaire on December 22, 2012, again relaying symptoms discussed at the hearing. AR 243-45. She said she cannot walk more than 70 feet, stand for more than 30 minutes, or sit for more than two hours. AR 245. Her pain is aggravated by lifting, bending, and kneeling. Id.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of [the] symptoms" were inconsistent with: (1) her ability to take online college classes; (2) her plans to pursue employment; (3) the objective medical evidence; (4) her routine and conservative treatment; and (5) the lack of a medical source statement supporting her allegations.[7] AR 24. As explained below, the ALJ provided legally sufficient reasons for discounting Plaintiff's subjective-symptom complaints.

First, the ALJ properly discounted Plaintiff's testimony that her arthritic pain and swelling in her fingers precluded her from performing the manipulative activities required for her previous job as an accounting clerk. AR 24. The ALJ found that her ability to take classes online for a year and prepare reports for those classes, was inconsistent with her allegations of the severity of her limitations. AR 24. See Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility

---

[7] Plaintiff does not discuss reasons 2, 4, and 5 (Jt. Stip. at 10-13), even after those reasons were raised by the Commissioner (id. at 13-17). See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); Owens v. Colvin, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding).

12

evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); Johnson v. Colvin, 671 F. App'x 519, 520 (9th Cir. 2016) (matriculating basic college classes, along with other activities, is "clearly inconsistent with the notion that [claimant] could not work at all"); Horsfall v. Colvin, 2016 WL 10894664, at *10 (W.D. Wash. Mar. 21, 2016) (ALJ properly relied on claimant's ability to use a computer tablet, in addition to other factors, to discount subjective complaints about weakness in hands due to carpal tunnel), aff'd, 706 F. App'x 386 (9th Cir. 2017).

Second, and relatedly, the ALJ properly found that Plaintiff's taking college classes with the intention of pursuing a career and working from home counseling children, was inconsistent with her allegation that she could not work. AR 24, 60-62. See Merritt v. Colvin, 572 F. App'x 468, 470 (9th Cir. 2014) (ALJ properly reasoned that claimant's "'interest in starting a new job is not consistent with [the] marked limitations in the ability to tolerate work pressures' about which [claimant] testified"); Lindquist v. Colvin, 588 F. App'x 544, 546 (9th Cir. 2014) (enrollment in college was evidence that limitations were not as pronounced as claimant suggested).

Third, the ALJ found the severity of Plaintiff's subjective allegations was diminished in light of the objective evidence. AR 24-25. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins, 261 F.3d at 857. For example, although Plaintiff sought treatment in 2013 and 2015 for chest pain, the examinations and studies were largely unremarkable. AR 24-25, 355-57, 368-70, 428-32, 440-41, 476-78, 490-91. Similarly, the objective findings of diverticulitis and spine pain were also not significant. AR 25, 451-54, 505-06. The ALJ properly considered the inconsistency between the medical evidence

and Plaintiff's subjective symptom complaints as one of at least five valid factors supporting the decision. See Burch, 400 F.3d at 681.

Fourth, the ALJ discounted Plaintiff's complaints because she received routine, conservative treatment since the alleged onset date, particularly for her chest pain, hypertension, and diverticulitis. AR 24. For example, her treatment plan for these and other symptoms consisted of exercise on the treadmill, dietary changes, medication, and follow-up appointments. AR 291, 293-95, 356, 428, 454, 490-91, 506. The ALJ properly relied on this factor. See Parra, 481 F.3d at 750-51 ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); Hanes v. Colvin, 651 F. App'x 703, 705 (9th Cir. 2016) (credibility determination supported in part by evidence of conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise); Fair, 885 F.2d at 604 (finding that claimant's allegations of persistent, severe pain and discomfort were belied by conservative treatment).

Fifth, the ALJ discounted Plaintiff's subjective complains because no medical source statement from an examining or treating physician endorsed the extent of her alleged functional limitations. AR 24. As discussed above, no opinion during the relevant period was more restrictive than the RFC, let alone concluded Plaintiff was disabled. AR 24, 86-87, 97-98, 111-12, 123-24, 380-85. Accordingly, this final reason is supported by substantial evidence. See Willens v. Berryhill, 709 F. App'x 867, 868 (9th Cir. 2017) (ALJ properly rejected claimant's credibility in part because "no physician made an assessment that [claimant] was disabled"); Sherman v. Colvin, 582 F. App'x 745, 748 (9th Cir. 2014) (credibility determination supported in part because of a lack of restrictions on claimant's activities).

The Court finds the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, specifically,

14

Plaintiff's ability to take college classes with the intent to work, the conflict with objective medical evidence, routine and conservative treatment, and the lack of a medical source statement supporting disability. Those grounds, together, are sufficient to affirm the ALJ's decision on the issue.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: January 14, 2019

_____
JOHN D. EARLY
United States Magistrate Judge